UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AT LAW AND IN ADMIRALTY

SHANNON D. CINELLI-BLONDIA,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

CASE NO. 25-cv-25993-KMW

**DEFENDANT'S MOTION TO DISMISS COUNTS II, IV, VIII, AND X OF PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, Carnival Corporation d/b/a Carnival Cruise Line ("Carnival"), moves to dismiss Counts II, IV, VIII, and X of Plaintiff's Complaint for Damages, and states:

**Background**

Plaintiff was a cruise passenger onboard the *Carnival Vista* for a January 2025 Caribbean pleasure cruise. [ECF No. 1 ¶¶ 9, 10]. Plaintiff contends that she slipped and fell on the Lido deck, i.e., the pool deck, due to the "unexpectedly slippery" nature of the floor that Carnival had allowed to persist for an "extended period of time." [ECF No. 1 ¶¶ 13, 14]. Plaintiff further alleges that the shipboard medical staff failed to medically evacuate her from the vessel, which allegedly caused her additional injury. Plaintiff brings claims for (I) Negligent Maintenance; (II) Vicarious Liability for Carnival Crewmembers' Negligent Maintenance; (III) Negligent Failure to Warn; (IV) Vicarious Liability for Carnival Crewmembers' Negligent Failure to Warn; (V) Negligent Training Personnel; (VI) Negligent Design, Construction, and Selection of Materials; (VII) Negligent Failure to Provide Proper and Adequate Medical Care and Treatment; (VIII) Vicarious Liability

for Carnival's Employees/Agents Negligent Failure to Provide Proper and Adequate Medical Care and Treatment; (IX) Negligent Failure to Promptly Medically Evacuate Shannon D. Cinelli-Blondia Off the Ship for Medical Care and Treatment; and (X) Vicarious Liability for Carnival's Employees/Agents Negligent Failure to Promptly Medically Evacuate Shannon D. Cinelli-Blondia Off the Ship for Medical Care and Treatment.

As fully outlined below, this Court should dismiss Plaintiff's vicarious liability claims in Counts II, IV, VIII, and X. Counts II and IV are premises liability claims wherein Plaintiff attempts to broadly claim that Carnival may be liable for all "pool attendants assigned to the subject area, the Pool and Deck Supervisor" for their alleged "active negligence." [ECF No. 1 ¶37]. Vague descriptions of a hypothetical group of crewmembers are insufficient to plausibly allege that Carnival could be vicariously liable for alleged generic premises liability for an excessively slippery floor. As to the vicarious liability medical negligence claims in Counts VIII and X, Plaintiff wholly fails to allege any facts establishing that the shipboard doctor and medical staff are employees or agents of Carnival. Plaintiff merely alleges that the "employees/crewmembers on the Carnival Vista were the employees of Carnival." [ECF No. 1 ¶91]. In sum, all of Plaintiff's vicarious liability claims fail to state a claim upon which relief can be granted, and this Court should dismiss Plaintiff's Complaint.

## **Memorandum of Law**

Rule 12(b)(6) requires dismissal of a complaint for failure to state a claim "if it does not plead enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*,

- 2 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

550 U.S. at 555. This standard requires more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Although a court must accept all well-pled allegations as true when considering a motion to dismiss, the court is not required to accept a plaintiff's legal conclusions. *Id.* (noting "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."). While detailed factual allegations are not required, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

A party need not file an answer while a partial motion to dismiss is pending. *See Ferk v. Mitchell*, 2014 WL 7369646, n.1 (S.D. Fla. Dec. 29, 2014). The motion to dismiss automatically extends the time to answer until after the Court has ruled on the motion to dismiss. *Beaulieu v. Bd. of Tr. of Univ. of W. Fla.*, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007); *see also Berenson v. John Hancock Life Ins. Co.*, 2023 WL 4763179, *1 (S.D. Fla. May 2, 2023) (collecting cases)).

General maritime law applies to cases involving torts committed on navigable waters. *Frasca v. NCL (Bahamas) Ltd.*, 654 F. App'x 949 (11th Cir. 2016). Maritime claimants, like Plaintiff here, now frequently include vicarious liability causes of action in their negligence claims

- 3 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

to try and avoid general maritime law's well-known requirement of proving the defendant had prior notice of the risk-creating condition. Plaintiff's Complaint fails to sufficiently allege a true vicarious liability theory given that this case involves garden variety allegations of negligent maintenance and failure to warn untied to any specific agent or employee. *See Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022).

Under general maritime law, a shipowner owes its passengers a duty of reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). To establish negligence, the passenger has the burden to prove: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

To impose liability, the defendant must have "actual or constructive knowledge of the risk-creating condition; at least where the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe*, 867 F.2d at 1327.  The mere fact that an accident occurs does not give rise to a presumption of notice of a risk-creating condition. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). Consequently, many cruise passenger negligence cases turn on the allegations and evidence of notice. The notice requirement in maritime tort claims is a bedrock principle of general maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). "[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it. Liability for a cruise ship operator thus 'hinges on whether it knew or should have known' about the dangerous condition." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020).

- 4 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

The Eleventh Circuit in *Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021), held that "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." The court reasoned that "the scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct." *Id*. at 1168. "When the tortfeasor is an employee, the principle of vicarious liability allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of [that] employee acting within the scope of employment.'" *Id*. (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011)).

If the nature of the claim is for negligent maintenance, failure to warn, or for negligence of other passengers, *Yusko*'s narrow carve-out does not apply regardless of how a cruise passenger may try to dress up the claim in allegations of vicarious liability. In *Newbauer v. Carnival Corp.*, 26 F. 4th 931, 936 (11th Cir. 2022), a passenger slipped and fell in a foreign substance while walking on an exterior deck. The Eleventh Circuit affirmed the dismissal of the passenger's complaint for failure to state a claim. The passenger argued that under *Yusko*, the complaint should not have been dismissed for failure to properly allege the defendant's notice of the risk-creating condition given that there was no requirement to do so. *Id*. at 936. The court disagreed because "*Yusko* reaffirmed that where, as here, a plaintiff is proceeding on a theory of direct liability against the shipowner for the negligent maintenance of the premises, the plaintiff must establish notice as part of her negligence claim." *Id*. The passenger had alleged negligent maintenance and failure to warn; she had "not raised any negligence claims under the theory of vicarious liability." *Id*.

The nature of the claim impacts whether *Yusko*'s exception applies, not simply whether negligence can be attributed to a specific employee. *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275 (S.D. Fla. 2021), is instructive. There, a passenger had her finger injured by a closing balcony

door. The passenger contended that a carpenter crewmember improperly replaced and installed the balcony door closing mechanism after it injured a prior passenger as well. *Id*. at 1282-83. The carpenter was specifically identified. *Id*. Despite this, the court declined to apply *Yusko* given that the claim sounded in negligent maintenance. *Id*. at 1298-99. The court held that since "the *Yusko* Court explicitly reaffirmed *Everett*'s requirement of notice for claims of negligent maintenance against shipowners, the Court finds that notice of a dangerous condition is still required, even where there is evidence that a shipowner's employee negligently created or maintained a defect." *Id*.

Further, *Britt v. Carnival Corp.*, 580 F. Supp. 3d 1211 (S.D. Fla. Dec. 29, 2021), is also instructive. *Britt* involved a negligence claim based on allegations of vicarious liability for "negligent mopping" by crewmembers, leading to a slip-and-fall. The court dismissed the claim, holding that it did "not read *Yusko* so broadly as to permit negligent maintenance and failure to warn claims brought under a vicarious liability theory." *Britt*, 580 F. Supp. 3d 1211 at 1215. At bottom, a negligent maintenance or failure to warn premises liability claim is one for direct liability no matter how styled. *See id*.; *see also Atkinson v. Carnival Corp.*, 2022 WL 405366, (S.D. Fla. Feb. 10, 2022).

Carnival also appreciates there are other decisions from Courts in this District allowing cruise plaintiffs to maintain, at least at the dismissal stage, vicarious liability and direct negligence claims that are based both on negligent maintenance. *See, e.g., Coletti v. Carnival Corp.*, 2024 WL 580355, *3-4 (S.D. Fla. Feb. 13, 2024) (surveying case law); *see also Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305 (Fla. S.D. Fla. 2022); *Haggerty v. Carnival Corp.*, 2024 WL 3415789 (S.D. Fla. June 25, 2024); *Mitchell v. Carnival Corp.*, 2024 WL 4818486 (S.D. Fla. Nov. 18, 2024); *Smith v. Carnival Corp.*, 2024 WL 5103554 (S.D. Fla. Nov. 26, 2024); *Branyon v. Carnival Corp.*,

- 6 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

2024 WL 3103313 (S.D. Fla. June 24, 2024). The *Hunter* court reasoned that courts are not given "license to recast passengers' vicarious liability claims as negligent maintenance claims. To the contrary, it requires taking a plaintiffs' claims as they are while also recognizing that a plaintiff will not always be able to plead a vicarious liability claim plausibly and in good faith."

In this case, Plaintiff's allegations as to Carnival crewmembers are woefully inadequate. While Plaintiff need not "name" a crewmember to prove vicarious liability, she must at least "identify" them. *See Hodson v. MSC Cruises, S.A.*, 2021 WL 3639752, *12 (S.D. Fla. Aug. 2, 2021). Plaintiff's allegations are so broad and vague to be completely meaningless. Carnival is a corporation; it must act through its agents and employees. This does not transform every case into one for vicarious liability. This is a direct negligence case for negligent maintenance and failure to warn. Plaintiff should not be permitted to maintain a claim for vicarious liability based on what has been alleged in the Complaint.

While Plaintiff does not need to specify one crewmember, she has to do better than to describe a broad class of crewmembers that may have been in the vicinity. Similarly, in *Jackson v. MSC Cruises, S.A.*, 2024 WL 6964253 (S.D. Fla. Oct. 7, 2024), the cruise passenger was not permitted to identify "a group of crewmembers[ ]" "via their role on the vessel rather than their names" to proceed on a vicarious liability theory. *Id*. at *2. The court rejected this, noting that "Jackson's vague description of a hypothetical class of crewmembers does not adequately allege these crewmembers' role and is devoid of any facts showing that Jackson knows (or has reason to believe) that any specific crewmembers fulfilling these capacities exist and were negligent[.]" *Id*. The court reasoned that "[i]f such vague allegations were sufficient, any claim could theoretically be one for vicarious liability, because a company can only act through its employees." *Id*. This same reasoning should apply to Plaintiff's Count II and IV here.

- 7 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

Plaintiff is essentially arguing that Carnival is vicariously liable for its crewmembers' alleged failure to make the Lido Deck less slippery. *Yusko* counsels that "common sense" dictates that certain claims for premises liability cannot be presented as for vicarious liability. This is certainly one of them. By any measure, this is a case involving allegations of negligent maintenance and failure to warn for premises liability. If Plaintiff is permitted to pursue no-notice vicarious liability claims in this case, then any of the limitations announced in *Yusko* would be meaningless. A cruise ship has thousands of crewmembers at any given time. Any one of them could be near the "subject area" of a slip-and-fall. That Plaintiff is "master" of the complaint is not the sole basis for allowing claims for vicarious liability. The exception would swallow the rule. This Court should dismiss Counts II and IV.

As to the vicarious medical negligence claims in Counts VIII and X, the Eleventh Circuit in *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014), held that cruise passengers could pursue medical negligence claims against cruise lines for the actions of the shipboard physicians under theories of *respondent superior* or apparent agency abrogating prior cases that had barred these claims as a matter of law. To establish a claim for respondeat superior, the cruise passenger must plausibly allege an agency relationship by: "(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Id*. (citing *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003)). The probative allegations as to the control element are: "(1) direct evidence of the principal's right to or actual exercise of control; (2) the method of payment for an agent's services, whether by time or by the job; (3) whether or not the equipment necessary to perform the work is furnished by the principal; and (4)

whether the principal had the right to fire the agent." *Id*. (citing *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011)).

Plaintiff's Complaint alleges only a few, scant legal conclusions. Plaintiff alleges that "the employees/crewmembers on the Carnival Vista were the employees of Carnival." [ECF No. 1 ¶92]. She also contends that "Dr. Farzana Sayed and the other Carnival Vista medical personnel who treated Cinelli-Blondia for the injuries she sustained as a result of the subject incident were the apparent agents of Carnival." [ECF No. 1 ¶95]. This is insufficient to plausibly allege that the shipboard physician and medical staff were the actual or apparent agents of Carnival such that vicarious liability may potentially attach. Plaintiff fails to sufficiently allege these medical vicarious liability claims in Counts VIII and X.

WHEREFORE Defendant, Carnival Corporation d/b/a Carnival Cruise Line, respectfully requests that this Court grant its Motion to Dismiss Counts II, IV, VIII, and X, and grant any other and further relief this Court deems just and proper.

Respectfully submitted,

/s/ Victor J. Pelaez
Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com
Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Citigroup Center
201 South Biscayne Boulevard, 20th Floor
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

- 9 -

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200